# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>ROY COBLENTZ<br><br>Defendant. | No. C16-3021-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING UNITED STATES'S MOTION FOR DEFAULT JUDGMENT** |

_____

Plaintiff United States ("the United States") seeks to recover payment for unpaid federal student loans made to defendant Roy Coblentz. Subject matter jurisdiction over this case is pursuant to 28 U.S.C. § 1345. Pursuant to 28 U.S.C. § 1391, the case was properly brought in the district where Coblentz is alleged to reside. Having obtained an entry of default against Coblentz, the United States now requests that I enter a default judgment against Coblentz.

## I.     INTRODUCTION AND BACKGROUND

On April 14, 2016, the United States filed a complaint against Coblentz to collect on Coblentz's federal student loan debt. On May 16, 2016, the United States served a copy of the summons and complaint on Coblentz. Coblentz did not file an answer or any responsive pleading to the complaint. On June 8, 2016, the United States filed a Motion for Entry of Default (docket no. 4). On June 8, 2016, the Clerk of Court entered Coblentz's default (docket no. 5). On June 28, 2016, the United States filed a Motion For Default Judgment (docket no. 6). Coblentz has not filed a response to the United States's Motion for Default Judgment.

## II. LEGAL ANALYSIS
### A. Entry Of Default And Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the United States's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the United States's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Fed. R. Civ. P. 55(a)-(b). In *Hayek v. Big Brothers/Big Sisters of Am.*, 198 F.R.D. 518 (N.D. Iowa 2001), I summarized the mechanics under Rule 55 for obtaining the entry of default and default judgment, as well as the method for setting aside a default or default judgment, as follows:

> Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000) (citing *Johnson* for this requirement). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the United States to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Moreover, "'a default judgment cannot be entered until the amount of damages has been ascertained.'" *Hagen*, 205 F.3d at 1042 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)). Thus, if the judgment sought is not for a sum certain, Rule 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." FED. R. CIV. P. 55(b)(2). In short, as this court has explained, Rule 55 "requires two steps before entry of a default judgment: first, pursuant to Fed. R. Civ. P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed. R. Civ. P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995).

*Hayak*, 198 F.R.D. at 520.

### B. Is Entry Of Default Judgment ropriate?

The Clerk of Court has entered a default against Coblentz pursuant to Rule 55(a), completing the first step in the two-step process toward default judgment. *See id*. Thus, the question presented by the pending motion is whether I should now take the second step, and enter default judgment pursuant to Rule 55(b)(2). *See id*. The second step of the process, pursuant to Rule 55(b)(2), requires that the moving party make a second application, this time for default judgment. By virtue of the default, Coblentz is deemed to have admitted to the truth of the well-pleaded allegations of the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *United States v. Di Mucci*, 829 F.2d 1488, 1497 (7th Cir. 1989); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). However, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158; *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (*en banc*); *Flaks*, 504 F.2d at 707.

Despite the wording of Rule 55, a hearing on a motion for default judgment is not required. 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 2688 (3d ed. 1998). No hearing on substantive issues is necessary if evidence sufficient to justify a default judgment is already before the court. See *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *United States v. Forma*, 784 F. Supp. 1132, 1141 (S.D.N.Y. 1992); *Southern Gen. Ins. Co. v. O'Keefe*, 275 F. Supp. 107, 109 (D. Md. 1967). According to Wright and Miller, my inquiry should proceed as follows:

> In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it. Among these [factors] are . . . whether material issues of fact . . . are at issue; . . . and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a

> default judgment might have . . . Finally, the court may consider whether it later would be obliged to set aside the default on defendant's motion . . . .

10A CHARLES ALAN WRIGHT *et al., supra* at § 2685.

As discussed above, the grounds for default are clearly established. Moreover, substantive material issues of fact alleged in the complaint do not appear to be at issue. Based on the admitted allegations in the complaint, I find as follows:

1. On February 16, 1999, Coblentz executed and delivered a promissory note to secure a Federal Family Education Program Consolidation loan from the Iowa Student Loan Liquidity Corporation ("ISLLC"). This loan, for $13,329.39, was distributed on May 19, 1999. The loan carried an interest rate of 8.25 percent per annum.

2. The loan was guaranteed by the Iowa College Student Aid Commission ("ICSAC"), and then reinsured by the United States Department of Education ("Department of Education") under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071, *et seq.*

3. The ISLLC demanded payment under the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. Coblentz defaulted on the loan on April 26, 2001, and the ISLLC filed a claim on the loan guarantee with the ICSAC. The ICSAC paid $14,841.46 to the ISLLC on its default claim.

4. As a result of the ICSAC's default claim payment, pursuant to 34 C.F.R. § 682.410(b)(4), the entire amount of the default claim payment became due to the ICSAC. The Department of Education, in turn, paid the ICSAC $14,841.46 for the ICSAC's default claim payment. On May 6, 2009, the ICSAC assigned its right to the loan to the Department of Education. The United States demanded payment from Coblentz. Coblentz has not paid or cured the default on the loan.

5. As of June 21, 2016, the balance due and owing on the loan's promissory note is the principal amount of $14,841.46, accrued interest of $14,571.50, plus interest

accruing at the daily rate of $3.35, sheriff service fees of $65.72 and court filing fees of $400.00.

Thus, I conclude that the United States has satisfied the requirements of step two of the process for entry of default judgment. *See, e.g., Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995). I further find that the United States has demonstrated that a default judgment should be entered. *See* FED. R. CIV. P. 55(b)(2); *Hagen v. Sisseton–Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000). Therefore, the United States's Motion For Default Judgment is granted.

### III. CONCLUSION

Upon consideration of the record, I order that the United States's Motion For Default Judgment is granted. I enter judgment by default, pursuant to Federal Rule of Civil Procedure 55(b)(2), against defendant Roy Coblentz for $29,982.53; of which $14,841.46 is unpaid principal, interest of $14,675.35, accrued through July 21, 2016, sheriff's fees of $65.72 and court costs of $400.00. Interest on the total judgment, $29,982.53, shall accrue from and after the date of the entry of the judgment at the federal judgment rate.

**IT IS SO ORDERED**.

**DATED** this 21st day of July, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA